## WEISS & LEWIS MOTOR TRUCKING CO. v. MIELCAREK.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8709. Decided June 11, 1928.

Middleton, PJ., and Mauck, J., of the 4th Dist., sitting.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

118. AUTOMOBILES — 301. Contributory Negligence.

Testimony by plaintiff that, after being blinded by headlights of approaching car, he proceeded more than 200 feet to point of collision, with parked truck, thus proceeding through darkness and doing nothing for his own protection, raises strong presumption of contributory negligence, and, there being nothing in the case to meet that presumption, defendant is entitled to judgment.

Error to Common Pleas.

Judgment reversed.

J. J. Fuerst, Cleveland, for Motor Trucking Co.

Patterson, O'Brien & Holland, Cleveland, for Mielcarek.

FULL TEXT.

MAUCK, J.

It is here sought to reverse judgment in the Common Pleas, recovered by Mielcarek for personal injuries sustained by him when an automobile driven by Mielcarek collided with a truck owned by the Motor Trucking Company. The truck was parked on the unimproved portion of the street, the left rear part of the body projecting over two or three feet of the paved portion of the street. It was after dark. The truck bore no lights and the negligence of the defendant may be taken for granted.

Mielcarek was driving at a lawful speed over a damp pavement. When several hundred feet from the point of collision he saw approaching him a machine with bright lights. He was, himself, driving with dimmed lights focussed about twenty feet in front of his machine. The oncoming machine never dimmed its lights. The plaintiff was rather vague as to the point at which he met this machine. He doubts if it were seventy-five feet from the point of collision. He says it might have been fifty or less. Finally he concludes it was between twenty-five and fifty. This place of meeting, of vital interest in the case, is thus left to conjecture.

When the plaintiff reached a certain point he was blinded by the glare of the headlights of the approaching car. A very few moments thereafter his machine struck the truck. The plaintiff never saw the truck and, of course, never made any effort to avoid it. Elsewhere, pp. 69, 70, 71, plaintiff testifies that he was not only blinded at the time the machines met but his vision over the road was badly impaired for a comparatively long distance; that he was "certainly bothered" when the machines were three hundred feet apart; that he could discern no object when they were two hundred feet distant and that there was an increasing impairment of vision as the machines approached each other.

Now, if as plaintiff says, the collision occurred about fifty feet north of the point where he was blinded, the standing truck was between the two approaching machines when these machines were two hundred feet apart. As to that particular time, the plaintiff's testimony reads, p. 70:

"Q. In fact when the bright lights were approaching you at a distance of two hundred feet, shining in your eyes, you couldn't see the road itself, but you judged your position by the position of these lights coming toward you, isn't that correct?

"A. Certainly."

While the plaintiff was confessedly blinded at a point quite near the collision, his own testimony shows thus that at an appreciable time before he was thus blinded he was unable to discern the road over which he was driving. We see no substantial difference between the plaintiff's condition when he was thus blinded, and his condition during all the immediately preceding period when he was

unable to discern the road. Now it appears that during all this period of faulty sight to the time when he could not see where he was going, on up to the total eclipse where he could see nothing, he did nothing for his own protection. He rushed through the darkness taking his chances on leaving the road or striking anything in the road. This, at least, raises a presumption of negligence under the doctrine of Buddenberg v. Kavenagh, 17 O.A. 252; the cases therein cited and all the authorities with which we are familiar.

Kronenberg v. Whale, 21 O.A. 322, is not helpful to the defendant in error, for in that case the vision of the driver was not impaired until the moment when he was totally blinded, at which moment he applied his brakes.

The plaintiff having by his own testimony developed a strong presumption of his own contributory negligence, and there being nothing in the case to meet that presumption, indeed we cannot see how it conceivably could have been met, the defendant below was entitled to judgment. Railway Co. v. Lee, 111 O.S. 391.

Judgment reversed and judgment entered for plaintiff in error.

(Middleton, PJ., concurs.)